Mark S. Scheffer, Id. No. 59271
Law Offices of Mark S. Scheffer
P.O. Box 111                                                                                    Attorney for Plaintiff
Birchrunville, PA    19421
(610) 915-8351

---

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL BARONE | : | CIVIL ACTION |
| v. | : | NO. |
| NATIONAL RAILROAD PASSENGER CORPORATION, dba AMTRAK | : | |
| | : | JURY TRIAL DEMANDED |

COMPLAINT

1.  Plaintiff, Daniel Barone, is a white male and a citizen of the United States of America residing therein at 320 Audubon Avenue, Audubon, NJ 08106.

2.  Defendant, National Railroad Passenger Corporation, dba AMTRAK, is a transportation company providing passenger rail service throughout the United States. It has facilities at Penn Coach Yard at 30th street in Philadelphia, Pennsylvania, in which facilities Plaintiff was employed.

3.  The causes of action set forth in this complaint arises under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621 *et seq.* ("ADEA"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* ("Title VII""), the Civil Rights Act of 1866, as amended, 42 U.S.C. §1981, and the Pennsylvania Human Relations Act, 43 P.S. §951 et seq. ("PHRA").

4. The District Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331, 1343 and 1367.

5. At all times material hereto, Defendant acted by and through its authorized agents, servants, workers and/or employees, acting in the course and scope of their employment with Defendant and in furtherance of Defendant's business.

6. Plaintiff, at the time of his termination from the managerial position of General Foreman on or about September 14, 2010 was 57 years of age. He was hired by Defendant in 1977.

7. In October of 2010, Plaintiff filed a complaint of age and race discrimination against Defendant with the Pennsylvania Human Relations Commission ("PHRC"), with said complaint being dual-filed with the Equal Employment Opportunity Commission ("EEOC").

8. Plaintiff's PHRC complaint has been pending for over 1 year with the PHRC, and the EEOC issued a Notice of Right to Sue, at Plaintiff's request, on or about January 26, 2012.

9. Plaintiff believes and therefore avers that his termination by Defendant from his General Foreman position on or about September 14, 2010 was motivated by his age and/or race, this belief being supported by, *inter alia*, the fact that: a) Defendant treated younger and/or non-white employees more favorably by disciplining them less harshly for conduct which warranted treatment as severe or harsh as that which Plaintiff received, and by providing them opportunities and alternatives other than termination of their positions.

10. As a direct and proximate result of Defendant's discriminatory and wrongful conduct, as set forth above, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings, a loss or earning capacity, loss of benefits, attorneys' fees and costs.

## COUNT I – ADEA

11.     Plaintiff incorporates herein by reference Paragraphs 1 through 10 above as if set forth herein in their entirety.

12.     Defendant, by the above discriminatory and wrongful acts, has violated the ADEA.

13.     Defendant's violation of the ADEA was willful and warrants the imposition of liquidated damages under the ADEA.

14.     As a direct and proximate result of Defendant's discriminatory and wrongful conduct, Plaintiff has sustained the losses set forth above.

## COUNT II – Title VII

15.     Plaintiff hereby incorporates by reference Paragraphs 1 through 9 above as if set forth herein in their entirety.

16.     Defendant, by the above referenced actions, has violated Title VII.

17.     As a direct and proximate result of Defendant's discriminatory and wrongful conduct, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings, loss of earning capacity, loss of benefits, pain and suffering, upset, emotional anguish, loss of life's pleasures, attorneys' fees and costs.

## COUNT III - §1981

18.     Plaintiff incorporates herein paragraphs 1 through 9 above as if set forth herein in their entirety.

19.     Defendant, by the above referenced actions, has violated §1981.

20.     As a direct and proximate result of Defendant's discriminatory and wrongful conduct, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings, loss of earning capacity, loss of benefits, pain and suffering, upset, emotional anguish, loss of life's pleasures, attorneys' fees and

costs.

## COUNT IV – PHRA

21. Plaintiff incorporates herein paragraphs 1 through 9 above as if set forth herein in their entirety.

22. Defendant, by the above referenced actions, has violated the PHRA.

23. As a direct and proximate result of Defendant's discriminatory and wrongful conduct, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings, loss of earning capacity, loss of benefits, pain and suffering, upset, emotional anguish, loss of life's pleasures, attorneys' fees and costs.

## RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant:

(a) Declaring Defendant's actions to be in violation of the ADEA, Title VII, §1981 and the PHRA;

(b) Awarding Plaintiff reinstatement to an appropriate position with Defendant;

(c) Awarding compensatory damages to Plaintiff to make Plaintiff whole for all lost earnings, past and future, which Plaintiff has suffered as a result of Defendant's improper and discriminatory treatment, including, but not limited to, past and future wages, lost earning capacity, pension and other lost benefits;

(d) Awarding compensatory damages to Plaintiff for emotional upset, mental anguish, humiliation, loss of life's pleasures, and pain and suffering;

(e) Awarding Plaintiff's costs of this action, together with reasonable attorney's fees;

    (f)    Awarding Plaintiff punitive damages and such other damages as are appropriate under the ADEA, Title VII, §1981 and the PHRA; and,

    (g)    Granting such other and further relief as the court deems appropriate.

Respectfully submitted,

/s/ Mark S. Scheffer

---

Mark S. Scheffer, Esquire
LAW OFFICES OF MARK S. SCHEFFER
P.O. Box 111
Birchrunville, PA 19421
(610) 915-8351

Attorney for Plaintiff